UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| C&S MANAGEMENT, LLC )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUPERIOR CANOPY CORPORATION, )<br>DANNY GREENLAND, )<br>CATHY GREENLAND, )<br>BRIAN E. HAYES (INDIVIDUALLY )<br>AND AS TRUSTEE UNDER TRUST )<br>AGREEMENT DATED DECEMBER 1, )<br>1995), ROBIN HAYES, BRICE E. HAYES, )<br>U.S. BANCORP EQUIPMENT FINANCE, )<br>INC., WELLS FARGO BANK, N.A., STAR )<br>FINANCIAL BANK, AND SKY BANK )<br>)<br>Defendants. ) | 1:08CV0029PS |

## COMPLAINT

The Plaintiff, C&S Management, LLC ("C&S"), by counsel, for its Complaint against the Defendants, Superior Canopy Corporation, Danny Greenland, Cathy Greenland, Brian E. Hayes (individually and as trustee of a Trust Agreement dated December 1, 1995), Robin Hayes, and Brice E. Hayes (each of whom is referred to herein collectively as the "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. C&S invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1332. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. The Defendants each reside within the jurisdiction of the United States District court for the Northern District of Indiana, Fort Wayne Division. In addition, the obligations

owed to C&S, and C&S' related foreclosure rights, which are the subject of this action arose within such judicial district. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) and (2).

## PARTIES

3. C&S is a Kentucky limited liability company whose principal place of business is 1187 Early Drive, P.O. Box 947, Winchester, Kentucky 40392.

4. The members of C&S: George Stamper and the Kelly G. Combs Trust No. 2, Eloise Combs, Trustee, are both residents of Kentucky.

5. Superior Canopy Corporation ("Superior Canopy") is an Indiana corporation, which has its principal place of business in Steuben County, Indiana.

6. Danny Greenland is a resident of Indiana.

7. Cathy Greenland is a resident of Indiana.

8. Brian E. Hayes, both individually and as trustee under that certain Trust Agreement dated December 1, 1995 (the "Trust"), is a resident of Indiana.

9. Robin Hayes is a resident of Indiana.

10. Brice E. Hayes is a resident of Indiana.

## COUNT I
## CLAIM AGAINST SUPERIOR CANOPY ON $500,000 PROMISSORY NOTE

11. C&S hereby incorporates by reference the averments of paragraph 1 through 10 as set forth above.

12. On or about April 29, 2003, Superior Canopy executed and delivered to C&S a Note in the principal sum of Five Hundred Thousand and No/100 Dollars (the "$500,000 Note"). A true and accurate copy of the $500,000 Note is attached hereto as Exhibit "A" and incorporated herein by reference.

13. Superior Canopy defaulted under the $500,000 Note including, without limitation, by failing to pay amounts due to C&S thereunder.

14. All sums owed to C&S under the $500,000 Note are presently due and payable.

15. As of May 25, 2007, the total amount of the unpaid principal, accrued interest and other charges due and owing from Superior Canopy to C&S under the $500,000 Note was $663,333.33, consisting of $500,000 in principal and $163,333.33 in interest, with additional interest accruing on the principal portion of that sum after May 25, 2007 at the annual percentage rate of twelve percent (12%).

16. Pursuant to the terms of the $500,000 Note, Superior Canopy also agreed to pay C&S' attorneys' fees and other costs incurred in seeking to collect sums owing to it under the $500,000 Note.

17. All conditions precedent to C&S' claims under this Count of its Complaint have been performed, have occurred, or have been excused.

**WHEREFORE**, C&S requests that the Court:

(a) Enter judgment in its favor and against Superior Canopy for all amounts due and owing to C&S under the $500,000 Note as set forth hereinabove, including all additional interest accruing from May 25, 2007 through the date of judgment, and together with the amount of C&S' reasonable attorneys' fees and other costs of collection;

(b) Award C&S its costs in this action; and

(c) Grant C&S all other just and proper relief under the circumstances.

### COUNT II
### CLAIM AGAINST SUPERIOR CANOPY ON $700,000 NOTE

18. C&S hereby incorporates by reference the averments of paragraph 1 through 17 as set forth above.

3

19. On or about July 30, 2003, Superior Canopy executed and delivered to C&S a Note in the principal sum of Seven Hundred Thousand and No/100 Dollars (the "$700,000 Note"). A true and accurate copy of the $700,000 Note is attached hereto as Exhibit "B" and incorporated herein by reference.

20. Superior Canopy defaulted under the $700,000 Note including, without limitation, by failing to pay amounts due to C&S thereunder.

21. All sums owed to C&S under the $700,000 Note are presently due and payable.

22. As of May 25, 2007, the total amount of the unpaid principal, accrued interest and other charges due and owing from Superior Canopy to C&S under the $700,000 Note was $965,904.11, consisting of $700,000 in principal and $265,904.11 in interest, with additional interest accruing on the principal portion of that sum after May 25, 2007 at the annual percentage rate of twelve percent (12%).

23. Pursuant to the terms of the $700,000 Note, Superior Canopy also agreed to pay C&S' attorneys' fees and other costs incurred in seeking to collect sums owing to it under the $700,000 Note.

24. All conditions precedent to C&S' claims under this Count of its Complaint have been performed, have occurred, or have been excused.

**WHEREFORE**, C&S requests that the Court:

(a) Enter judgment in its favor and against Superior Canopy for all amounts due and owing to C&S under the $700,000 Note as set forth hereinabove, including all additional interest accruing from May 25, 2007 through the date of judgment, and together with the amount of C&S' reasonable attorneys' fees and other costs of collection;

(b) Award C&S its costs in this action; and

(c) Grant C&S all other just and proper relief under the circumstances.

## COUNT III
## CLAIM AGAINST SUPERIOR CANOPY TO FORECLOSE
## SECURITY INTEREST IN COLLATERAL

25. C&S hereby incorporates by reference the averments of paragraphs 1 through 24 as set forth above.

26. On or about July 30, 2003, Superior Canopy executed and delivered to C&S a security agreement (the "Security Agreement") by which Superior Canopy provided security for the timely repayment of the $700,000 Note and the $500,000 Note, and granting C&S a security interest and lien in certain "Collateral" (more particularly described in paragraph 34 below). A true and correct copy of the Security Agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

27. The "Collateral" subject to the Security Agreement, as described more fully in the Exhibit attached thereto, includes Superior Canopy's (1) accounts; (2) chattel paper; (3) inventory; (4) equipment; (5) instruments; (6) general intangibles; (7) investment property; (8) documents; (9) deposit accounts; (10) letter of credit rights; (11) trademarks, trademark registrations, and trademark applications; (12) copyrights, copyright registrations, and copyright applications; (13) patents, patent registrations, and patent applications; (14) contracts; (15) amounts held in checking, savings, deposit or other accounts; (16) licenses and permits; (17) software; (18) books and records; (19) all other personal property; (20) any and all proceeds of the foregoing items of property; and (21) any and all additions or substitutions to any of the foregoing items of property.

28. In order to perfect the security interest granted by Superior Canopy in the Collateral, Superior Canopy executed, and C&S filed, a UCC-1 Financing Statement with the

5

Secretary of State of Indiana on or about September 30, 2003. A true and accurate copy of the Financing Statement is attached hereto as Exhibit "D" and incorporated herein by reference.

29. By reason of the default by Superior Canopy under the $500,000 Note and the $700,000 Note, and C&S' security interest in and to the Collateral, C&S is entitled to possession of the Collateral, including any proceeds.

30. C&S is further entitled to dispose of the Collateral in a commercially reasonable manner prior to judgment or by foreclosure following judgment on its Complaint.

31. All conditions precedent to C&S' claims under this Count of the Complaint have been performed, have occurred or have been excused.

32. U.S. Bancorp Equipment Finance, Inc. is named as a defendant herein to answer for its interest, if any, in the Collateral.

**WHEREFORE**, C&S requests that the Court:

(a) Declare C&S' security interest to be a valid, first, and subsisting lien on the Collateral superior to all interests asserted in the Collateral by Superior Canopy or by anyone claiming by or through Superior Canopy;

(b) Enter judgment in favor of C&S in the sum of $1,629,237.44, including all additional interest accruing from May 25, 2007 to the date of judgment;

(c) Enter an order foreclosing Superior Canopy's interest in the Collateral;

(d) Enter an order directing the sale of the Collateral to satisfy the judgment of C&S as provided by law; provided that at such sale C&S shall be empowered to bid for the Collateral;

(e) Further providing that, upon execution by the Sheriff of a bill of sale for the Collateral sold thereunder, Superior Canopy shall forthwith surrender to the holder of such bill of sale full and peaceful possession of the Collateral; and

(f) Grant C&S all other just and proper relief under the circumstances.

## COUNT IV
## CLAIM AGAINST DANNY GREENLAND, CATHY GREENLAND, BRIAN E. HAYES (INDIVIDUALLY AND AS TRUSTEE OF THE TRUST) ROBIN HAYES AND BRICE E. HAYES ON GUARANTY OF $700,000 NOTE

33. C&S hereby incorporates by reference the averments of paragraphs 1 through 32 as set forth above.

34. On or about July 20, 2003, Danny Greenland, Cathy Greenland, Brian E. Hayes (individually and as trustee of the Trust), Robin Hayes, and Brice E. Hayes (each of the above being referred to herein collectively as the "Guarantors"), executed and delivered to C&S a Guaranty (the "Guaranty"), by which the Guarantors guaranteed the prompt payment when due of Superior Canopy's indebtedness under the $700,000 Note. A true and correct copy of the $700,000 Guaranty is attached hereto as Exhibit "E" and incorporated herein by reference.

35. The Guarantors failed to pay C&S the amounts due and owing to it under the $700,000 Guaranty, as required by the terms thereof.

36. All conditions precedent to C&S's claims under this Count of its Complaint have been performed, have occurred, or have been excused.

**WHEREFORE**, C&S requests that the Court:

(a) Enter a judgment in its favor and against each of the Guarantors for all amounts due and owing to C&S under the $700,000 Note, pursuant to the terms of the $700,000 Guaranty;

(b) Award C&S the costs in this action; and

(c) Grant C&S all other just and proper relief in the circumstances.

7

## COUNT V
## CLAIM AGAINST DANNY GREENLAND, CATHY GREENLAND, BRIAN E. HAYES (INDIVIDUALLY AND AS TRUSTEE OF THE TRUST) ROBIN HAYES AND BRICE E. HAYES ON GUARANTY OF $500,000 NOTE

37.  C&S hereby incorporates by reference the averments of paragraphs 1 through 36 as set forth above.

38.  On or about April 29, 2003, Danny Greenland, Cathy Greenland, Brian E. Hayes (individually and as trustee of the Trust), Robin Hayes, and Brice E. Hayes (each of the above being referred to herein collectively as the "Guarantors") executed and delivered to C&S a Guaranty (the " $500,000 Guaranty"), by which the Guarantors guaranteed the prompt payment when due of Superior Canopy's indebtedness under the $500,000 Note.

39.  The Guarantors failed to pay C&S the amounts due and owing to it under the $500,000 Guaranty, as required by the terms thereof.

40.  All conditions precedent to C&S's claims under this Court of its Complaint have been performed, have occurred, or have been excused.

**WHEREFORE**, C&S requests that the Court:

(a)  Enter a judgment in its favor and against each of the Guarantors for all amounts due and owing to C&S under the $500,000 Guaranty, pursuant to the terms of the $500,000 Guaranty;

(b)  Award C&S the costs in this action; and

(c)  Grant C&S all other just and proper relief in the circumstances.

## COUNT VI
## CLAIM AGAINST DANNY GREENLAND AND CATHY GREENLAND TO FORECLOSE MORTGAGE SECURING PAYMENT OF THE $700,000 GUARANTY AND THE $500,000 GUARANTY

41. C&S hereby incorporates by reference the averments of paragraph 1 through 40 as set forth above.

42. On or about July 30, 2003, Danny Greenland and Cathy Greenland executed and delivered to C&S a mortgage ("Mortgage No. 1") by which Danny Greenland and Cathy Greenland provided security for the timely repayment of the $700,000 Guaranty and the $500,000 Guaranty and granting C&S a mortgage on certain real estate located in Steuben County, Indiana, as described more fully in an exhibit to Mortgage No. 1 ("Parcel No. 1"). A true and accurate copy of Mortgage No. 1, including a legal description of Parcel No. 1, is attached hereto as Exhibit "F" and incorporated herein by reference.

43. Mortgage No. 1, by its terms, acknowledges the existence and validity of the $700,000 Guaranty and the $500,000 Guaranty.

44. Mortgage No. 1 was duly recorded with the Steuben County Recorder, Steuben County, Indiana, on or about August 8, 2003.

45. Wells Fargo Bank, N.A., is named as a defendant herein to answer for its mortgage on Parcel No. 1 dated July 30, 2004 and recorded on September 3, 2004.

**WHEREFORE**, C&S requests that the Court:

(a) By judgment, declare Mortgage No. 1 to be a valid and subsisting lien on the Parcel No. 1;

(b) Declare C&S' lien superior to all interests asserted against Parcel No. 1 by the Defendants or by anyone claiming under or through the Defendants;

BDDB01 4778733v3

(c) Enter an order foreclosing Mortgage No. 1 on Parcel No. 1 and foreclosing and barring the equity of redemption and interests of the Defendants in Parcel No. 1;

(d) Enter an order directing the sale of Parcel No. 1 in order to satisfy expenses of sale and judgment as provided by law; providing that at such sale C&S shall be empowered to bid for Parcel No. 1 with the indebtedness secured by Mortgage No. 1 to be credited with the amount bid by C&S if it is the successful bidder; and further providing that, upon the expiration or waiver of the statutory period of redemption and the execution by the Sheriff, of the deed of conveyance of Parcel No. 1 sold thereunder, all of the Defendants shall forthwith surrender to the holder of the Sheriff's Deed full and peaceful possession of the Real Estate, and upon failure to do so, the Sheriff shall be directed to forthwith enter Parcel No. 1 and eject and remove the Defendants therefrom and put the party holding such Sheriff's Deed, or its assignee, into full peaceful and quiet possession of Parcel No. 1 without delay; and

(e) Grant C&S all other just and proper relief.

## COUNT VII
## CLAIM AGAINST BRIAN E. HAYES AND ROBIN HAYES TO FORECLOSE MORTGAGE SECURING PAYMENT OF THE $700,000 GUARANTY AND THE $500,000 GUARANTY

46. C&S hereby incorporates by reference the averments of paragraph 1 through 45 as set forth above.

47. On or about July 30, 2003, Brian E. Hayes and Robin Hayes executed and delivered to C&S a mortgage ("Mortgage No. 2") by which Brian E. Hayes and Robin Hayes provided security for the timely repayment of the $700,000 Guaranty and the $500,000 Guaranty and granting C&S a mortgage on certain real estate located in Steuben County, Indiana, as described more fully in an exhibit to Mortgage No. 2 ("Parcel No. 2"). A true and accurate copy

of Mortgage No. 2, including a legal description of Parcel No. 2, is attached hereto as Exhibit "G" and incorporated herein by reference.

48. Mortgage No. 2, by its terms, acknowledges the existence and validity of the $700,000 Guaranty and the $500,000 Guaranty.

49. Mortgage No. 2 was duly recorded with the Steuben County Recorder, Steuben County, Indiana, on or about November 22, 2006.

**WHEREFORE**, C&S requests that the Court:

(a) By judgment, declare Mortgage No. 2 to be a valid and subsisting lien on Parcel No. 2;

(b) Declare C&S' lien superior to all interests asserted against Parcel No. 2 by the Defendants or by anyone claiming under or through the Defendants;

(c) Enter an order foreclosing Mortgage No. 2 on Parcel No. 2 and foreclosing and barring the equity of redemption and interests of the Defendants in Parcel No. 2;

(d) Enter an order directing the sale of Parcel No. 2 in order to satisfy expenses of sale and judgment as provided by law; providing that at such sale C&S shall be empowered to bid for Parcel No. 2 with the indebtedness secured by Mortgage No. 2 to be credited with the amount bid by C&S if it is the successful bidder; and further providing that, upon the expiration or waiver of the statutory period of redemption and the execution by the Sheriff of the deed of conveyance of Parcel No. 2 sold thereunder, all of the Defendants shall forthwith surrender to the holder of the Sheriff's Deed full and peaceful possession of Parcel No. 2, and upon failure to do so, the Sheriff shall be directed to forthwith enter Parcel No. 2 and eject and remove the Defendants therefrom and put the party holding such Sheriff's Deed, or its assignee, into full peaceful and quiet possession of Parcel No. 2 without delay; and

BDDB01 4778733v3

(e)     Grant C&S all other just and proper relief.

## COUNT VIII
## CLAIM AGAINST BRIAN E. HAYES, AS TRUSTEE OF THE TRUST, TO FORECLOSE MORTGAGE SECURING PAYMENT OF THE $700,000 GUARANTY AND THE $500,000 GUARANTY

50.    C&S hereby incorporates by reference the averments of paragraph 1 through 49 as set forth above.

51.    On or about July 30, 2003, Brian E. Hayes, as trustee of the Trust, executed and delivered to C&S a mortgage ("Mortgage No. 3") by which Brian E. Hayes, as trustee of the Trust, provided security for the timely repayment of the $700,000 Guaranty and the $500,000 Guaranty and granting C&S a mortgage on certain real estate located in Steuben County, Indiana as described more fully in an exhibit to Mortgage No. 3 ("Parcel No. 3"). A true and accurate copy of Mortgage No. 3, including a legal description of Parcel No. 3, is attached hereto as Exhibit "H" and incorporated herein by reference.

52.    Mortgage No. 3, by its terms, acknowledges the existence and validity of the $700,000 Guaranty and the $500,000 Guaranty.

53.    Mortgage No. 3 was duly recorded with the Steuben County Recorder, Steuben County, Indiana, on or about August 8, 2003.

54.    Star Financial Bank is named as a defendant herein to answer for its mortgages on Parcel No. 3: the first, dated October 12, 2005; and the second, dated August 1, 2006 and recorded on August 16, 2006.

**WHEREFORE**, C&S requests that the Court:

(a)    By judgment, declare Mortgage No. 3 to be a valid and subsisting lien on Parcel No. 3;

(b) Declare C&S' lien superior to all interests asserted against Parcel No. 3 by the Defendants or by anyone claiming under or through the Defendants;

(c) Enter an order foreclosing Mortgage No. 3 on Parcel No. 3 and foreclosing and barring the equity of redemption and interests of the Defendants in Parcel No. 3;

(d) Enter an order directing the sale of Parcel No. 3 in order to satisfy expenses of sale and judgment as provided by law; providing that at such sale C&S shall be empowered to bid for Parcel No. 3 with the indebtedness secured by Mortgage No. 3 to be credited with the amount bid by C&S if it is the successful bidder; and further providing that, upon the expiration or waiver of the statutory period of redemption and the execution by the Sheriff of the deed of conveyance of Parcel No. 3 sold thereunder, all of the Defendants shall forthwith surrender to the holder of the Sheriff's Deed full and peaceful possession of Parcel No. 3, and upon failure to do so, the Sheriff shall be directed to forthwith enter Parcel No. 3 and eject and remove the Defendants therefrom and put the party holding such Sheriff's Deed, or its assignee, into full peaceful and quiet possession of Parcel No. 3 without delay; and

(e) Grant C&S all other just and proper relief.

### COUNT IX
### CLAIM AGAINST BRICE HAYES TO FORECLOSE MORTGAGE SECURING PAYMENT OF THE $700,000 GUARANTY AND THE $500,000 GUARANTY

55. C&S hereby incorporates by reference the averments of paragraph 1 through 54 as set forth above.

56. On or about July 30, 2003, Brice Hayes executed and delivered to C&S a mortgage ("Mortgage No. 4") by which Brice Hayes provided security for the timely repayment of the $700,000 Guaranty and the $500,000 Guaranty and granting C&S a mortgage on certain real estate located in Steuben County, Indiana as described more fully in an exhibit to Mortgage

No. 4 ("Parcel No. 4"). A true and accurate copy of Mortgage No. 4, including a legal description of Parcel No. 4, is attached hereto as Exhibit "I" and incorporated herein by reference.

57. Mortgage No. 4, by its terms, acknowledges the existence and validity of the $700,000 Guaranty and the $500,000 Guaranty.

58. Mortgage No. 4 was duly recorded with the Steuben County Recorder, Steuben County, Indiana, on or about August 8, 2003.

59. Sky Bank is named as a defendant herein to answer for its mortgage on Parcel No. 4 executed on May 3, 2004 and recorded on May 13, 2004.

**WHEREFORE**, C&S requests that the Court:

(a) By judgment, declare Mortgage No. 4 to be a valid and subsisting lien on Parcel No. 4;

(b) Declare C&S' lien, subject to that certain Mortgage Subordination Agreement executed by C&S under date of May 3 2004 and recorded May 13, 2004 in favor of Sky Bank, superior to all interests asserted against Parcel No. 4 by the Defendants or by anyone claiming under or through the Defendants;

(c) Enter an order foreclosing Mortgage No. 4 on Parcel No. 4 and foreclosing and barring the equity of redemption and interests of the Defendants in Parcel No. 4;

(d) Enter an order directing the sale of Parcel No. 4 in order to satisfy expenses of sale and judgment as provided by law; providing that at such sale C&S shall be empowered to bid for Parcel No. 4 with the indebtedness secured by Mortgage No. 4 to be credited with the amount bid by C&S if it is the successful bidder; and further providing that, upon the expiration or waiver of the statutory period of redemption and the execution by the Sheriff of the deed of

conveyance of Parcel No. 4 sold thereunder, all of the Defendants shall forthwith surrender to the holder of the Sheriff's Deed full and peaceful possession of Parcel No. 4, and upon failure to do so, the Sheriff shall be directed to forthwith enter the Property and eject and remove the Defendants therefrom and put the party holding such Sheriff's Deed, or its assignee, into full peaceful and quiet possession of Parcel No. 4 without delay; and

  (e)  Grant C&S all other just and proper relief.

              BAKER & DANIELS LLP

              */s/ Mark A. Werling*
              Robert D. Moreland (#14310-02)
              Mark A. Werling (#20426-02)
              111 East Wayne Street, Suite 800
              Fort Wayne, Indiana 46802
              Telephone: (260) 424-8000
              Facsimile: (260) 460-1700
              mark.werling@bakerd.com

              ATTORNEYS FOR C&S MANAGEMENT, LLC