UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| C&S MANAGEMENT, LLC | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-0029 |
| | ) | |
| SUPERIOR CANOPY CORPORATION, | ) | |
| DANNY GREENLAND, | ) | |
| BRIAN E. HAYES (INDIVIDUALLY), | ) | |
| AND AS TRUSTEE UNDER TRUST | ) | |
| AGREEMENT DATED DECEMBER 1, | ) | |
| 1995), ROBIN HAYES, BRICE E. | ) | |
| HAYES, U.S. BANCORP EQUIPMENT | ) | |
| FINANCE, INC., WELLS FARGO BANK, | ) | |
| N.A., STAR FINANCIAL BANK, AND | ) | |
| SKY BANK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, C&S Management, LLC ("C&S"), brought this action against Defendants, Danny Greenland, Cathy Greenland, Brian E. Hayes (individually and as Trustee Under Trust Agreement dated December 1, 1995), Robin Hayes and Brice E. Hayes (collectively, "Defendants"), asserting that Defendants defaulted on two promissory notes, one for $500,000 [DE 1-1] and the other for $700,000 [DE 1-2] and asking this Court to grant foreclosure and an accounting of the interest in the property. This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff against Defendants, seeking foreclosure of property in Steuben County, Indiana [DE 90]. The Defendants have not responded. Because no genuine issues of material fact preclude entry of judgment in favor of the Plaintiff, summary judgment is granted.

**BACKGROUND**

Plaintiff, C&S, seek an *in rem* decree of foreclosure with respect to certain property of Defendants, Danny and Cathy Greenland for the Greenlands' failure to pay certain guaranty obligations.[1] C&S seeks no relief against the Greenlands personally, as the Greenlands previously sought relief under Chapter 7 of the United States Bankruptcy Code. However, the Chapter 7 Bankruptcy Trustee filed a Notice of Intent to Abandon the Greenland Property, and it has been abandoned by the Trustee [DE 90-10].

On April 29, 2003 and July 30, 2003, Superior Canopy executed promissory notes in C&S' favor in the amount of $500,000 and $700,000 [DE 90-4 at ¶3; DE 90-5; DE 90-6]. On July 30, 2003, the Greenlands and others executed and delivered to C&S guarantees securing Superior Canopy's payment of the $500,000 promissory note and the $700,000 promissory note and promising prompt payment when due of Superior Canopy's indebtedness on the notes [DE 26 at ¶¶ 37, 41; DE 90-4 at ¶ 4; DE 90-7]. The same day, the Greenlands also granted C&S a mortgage on real estate located in Steuben County, Indiana, securing payment of the guarantees [DE 26 at ¶45; DE 90-4 at ¶5; DE 90-8]]. The mortgage was properly recorded [DE 26 at ¶ 47; DE 90-4 at ¶5]. The terms of the Mortgage indicate that upon default, the entire principal sum shall be due and owing and C&S shall be entitled to enforce its lien [DE 90-8 at 2].

---

[1]Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party. The party opposing the summary judgment motion must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56.1(b)(2). Here, the Defendants filed no reply, so the facts submitted by the Plaintiff will be deemed admitted unless they are unsupported by the evidence or contradict each other. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000).

By May 2007, Superior Canopy was in default. It owed the full principal balance on the $500,000 note, plus interest in the amount of $163,333.33, with interest continuing to accrue at an annual rate of 12% [DE 90-4 at ¶7]. It also owed the full principal balance on the $700,000 note, plus interest in the amount of $265,904.11, with interest continuing to accrue at an annual rate of 12% [DE 90-4 at ¶8]. The Greenlands, in their capacity as guarantors, have failed to pay C&S the amount owed [DE 90-4 at ¶ 9].

C&S filed suit against the Defendants on January 22, 2008, and amended the complaint on February 13, 2008 [DE 1; DE 17]. On April 4, 2008, the Greenlands and Defendants Brian E. Hayes and Robin Hayes filed an Answer, Affirmative Defenses, and Counterclaim [DE 26]. On February 22, 2010, the Greenlands filed a Joint Petition for relief under Chapter 7 of the Bankruptcy Code in the Northern District of Indiana Bankruptcy Court. *See in re Danny Harlan Greenland and Katherine Inez Greenland*, Bankr. N.D. Ind. No. 10-10511. The Court stayed the above-captioned case on March 10, 2010 [DE 62], but granted C&S's Motion for a Relief from the Stay on November 11, 2011 [DE 84].

In their bankruptcy filings, the Defendants identified C&S as having a first-priority lien on the Greenland property in the amount of $700,000, $85,000 of which is secured by real estate, and a second-priority lien on the Greenland property in the amount of $500,000 [DE 90-9]. C&S seeks foreclosure of the Steuben County property and a judgment *in rem* against the real estate only.

**DISCUSSION**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56. The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Where a party fails to address another party's assertion of fact as required by Rule 56(c), which requires that a party cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). However, judgment for the moving party may be granted only "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." *Id*.

    The interpretation of a written contract is generally a question of law, and summary judgment is particularly appropriate because there are no issues of fact. *Holmes v. Potter*, 552 F.3d 536, 538 (7th Cir. 2008) (citing *In re United Air Lines, Inc.,* 453 F.3d 463, 468 (7th Cir.2006); *AgStar Fin. Services, FLCA v. Rock Creek Dairy Leasing, LLC*, 709 F. Supp. 2d 691, 697 (N.D. Ind. 2010).

    Here, the Plaintiff's motion and supporting exhibits demonstrate that there is no question that C&S is entitled to judgment *in rem* against the Steuben County real estate. The Greenlands

executed valid guarantees and a mortgage securing those obligations, and have defaulted. Superior Canopy has defaulted on its obligations under the $500,000 promissory note and the $700,000 promissory note, and the Greenlands have in turn defaulted as the guarantors of those notes. The record in the Bankruptcy Court has established that the Greenlands have not avoided C&S's lien on the subject property during bankruptcy, and the terms of the mortgage permit C&S to immediately enforce its lien on the property.

## **CONCLUSION**

For the foregoing reasons, C&S's Motion for Summary Judgment [DE 90] is **GRANTED**. The Court **ORDERS** that:

1. C&S is entitled to an *in rem* judgment in its favor and against the Greenlands in the amount of $700,000, and interest in the amount of $265,904.11, as of May 27, 2007. These amounts are secured by the mortgage on the real estate in Steuben County, Indiana, commonly known as 7595 South State Road 327, Helmer, Indiana, and described more fully in Exhibit A to this opinion.

2. C&S's mortgage lien shall be and is hereby foreclosed and the equity of redemption of the Defendants, Danny Greenland and Cathy Greenland, and all persons claiming from, under or through said Defendants in the property herein described, is forever barred and foreclosed, and that the real estate described and all right, title and interest of said Defendants and those claiming through them, be sold by the Sheriff of Steuben County, Indiana, without relief from valuation and appraisement laws under the laws of the State of Indiana governing the sale of the mortgaged property in foreclosure.

3. The real estate shall be sold by the Sheriff of Steuben County, Indiana, in the manner provided by law. Plaintiff is entitled to bid at the Sheriff's Sale of the real estate, and if such bid is successful, to apply the amount of its judgment, or so much thereof as may be required, as a credit toward the purchase price of the tract or tracts bid upon. Plaintiff shall further be entitled to make a post-sale application to include all additional costs through and including the date of the sale of the Real Estate and/or for increased distribution of proceeds to Plaintiff from any sale of the Real Estate.

The Sheriff is ordered and directed to apply the proceeds from said sale as follows:

<u>First</u>, to pay the expenses of the offer and sale, including expenses of the Sheriff incurred under I.C.§ 32-29-7-4 or 32-30-10-9;

<u>Second</u>, to the payment of any real estate taxes due and owing;

<u>Third</u>, to the payment of the plaintiff, C&S Management, LLC, the principal, interest and costs due, in the sum on $965,904.11, and any further costs incurred by C&S; and

<u>Fourth</u>, when the proceeds of sale exceed the total of the amounts described above, the surplus will be paid to the Clerk of the Court to be transferred as the Court directs.

4. Upon the execution by the Sheriff of a Deed of Conveyance of the real estate sold hereunder, if not previously redeemed by the person or persons entitled thereto, any person who may be in possession of the real estate, or any part thereof, upon demand and exhibition of said Sheriff's Deed, or a true copy thereof, shall forthwith surrender the real estate to the holder of such deed, and in the event such person so in possession of the real estate shall refuse to fully and peacefully surrender possession of the real estate, the

Sheriff of Steuben County, Indiana shall forthwith vacate the real estate and give full and peaceful possession thereof to the purchaser under said Sheriff's sale.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Plaintiff's claims against the other defendants remain pending.

**SO ORDERED**.
ENTERED: October 25, 2012

s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT A

A part of the southwest quarter of Section 32, Township 36 North, Range 12 East, Salem Township, Steuben County, Indiana, described as follows:

Commencing at the northwest corner of the Second Addition to the Town of Helmer; thence south 89 degrees 17 minutes 20 seconds west along a projection of the north line of said plat 265 feet; thence north 658 feet, more or less, parallel with the center of State Road 327 to the north line of said quarter-section; thence east along the said north line 619 feet; thence south 140 feet; thence east 160 feet to the center of State Road 327; thence south along said center line 506.15 feet to the north line of the aforementioned subdivision; thence south 89 degrees 17 minutes 20 seconds west along said north line 514 feet to the point of beginning and containing 11.16 acres, more or less. Subject to county and state highway rights-of-way and other easements of record.

EXCEPTING THEREFROM THE FOLLOWING:

A part of the Southwest quarter of Section 32, Township 36 North, Range 12 East, (Salem Township), Steuben County, Indiana, described as follows:

Beginning at the northwest corner of Lot Number 2 in Helmers Second Addition to the Town of Helmer; thence East 132.0 feet to the northeast corner of said Lot Number 2; thence North 66.0 feet; thence West 132.0 feet; thence South 66.0 feet back to the point of beginning.

ALSO EXCEPTING THEREFROM THE FOLLOWING:

Part of the Southwest ¼ of Section 32, Township 36 North, Range 12 East, Steuben County, Indiana, and being a tract off the East side of lands previously conveyed by Deed Record 209, page 142, described as follows:

Commencing at the Northeast corner of the Southwest ¼ of said Section 32, marked with a #6 rebar stake; thence South 89 degrees 55 minutes 27 seconds West (assumed bearing), along the North line of said Southwest 1/4, a distance of 668.89 feet to the point of intersection of said North line with the center line of State Road #327; thence South 00 degrees 00 minutes 00 seconds East, along said highway center line, 142.75 feet to a MAG Nail marking the point of beginning, said Nail being situated North 00 degrees 00 minutes 00 seconds West 508.15 feet from the point of intersection of said highway center line with the easterly prolongation of the North line of the Second Addition to the Town of Helmer as recorded in Plat Book 1, page 96; thence continuing South 00 degrees 00 minutes 00 seconds East, along said highway center line 213.53 feet to a MAG nail; thence South 89 degrees 55 minutes 27 seconds West, parallel with the North line of said Southwest ¼ a distance of 204.00 feet to a #5 rebar stake; thence North 00 degrees 00 minutes 00 seconds West parallel with said highway center line, 213.53 feet to a #5 rebar stake; thence North 89 degrees 55 minutes 27 seconds East a distance of 204.00 feet to the point of beginning, containing 1.00 acres. Subject to State Road #327 right-of-way and easements of record.