# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| C&S MANAGEMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-CV-0029 |
| | ) | |
| SUPERIOR CANOPY CORPORATION, | ) | |
| DANNY GREENLAND, | ) | |
| BRIAN E. HAYES (INDIVIDUALLY), | ) | |
| AND AS TRUSTEE UNDER TRUST | ) | |
| AGREEMENT DATED DECEMBER 1, | ) | |
| 1995), ROBIN HAYES, BRICE E. | ) | |
| HAYES, U.S. BANCORP EQUIPMENT | ) | |
| FINANCE, INC., WELLS FARGO BANK, | ) | |
| N.A., STAR FINANCIAL BANK, AND | ) | |
| SKY BANK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff C&S Management's ("C&S") Verified Motion for Entry of Default and Default Judgment [DE 105]. In support of its motion, C&S has submitted an affidavit from Mr. Kevin Romenesko, the Chief Financial Officer of C&S Management [DE 106]. Because Defendant Superior Canopy Corporation ("Superior Canopy") has failed to respond to participate in this litigation in any way, the Motion for Default Judgment is GRANTED, and I award to C&S $3,606,875.27 (in unpaid principal and interest), plus interest as accrued at on each of the promissory notes at issue at 12% per annum since December 27, 2012 through the entry of judgment.

## BACKGROUND

C&S has brought this suit against the Defendants in an attempt to recover upon unpaid promissory notes that Defendant Superior Canopy executed in 2003. On April 29, 2003, Superior Canopy executed and delivered a Promissory Note for $500,000 to C&S [DE 105-1; DE 106 at ¶ 3]. This Note required the outstanding principal balance and all accrued and unpaid interest be paid on demand [DE 105-1 at 1]. In the event of default, Superior Canopy agreed to pay 12% interest per annum [*Id*. at 2-3]. On July 30, 2003, Superior Canopy executed and delivered to C&S a second Promissory Note for $700,000 [DE 105-2; DE 106 at ¶ 4]. This Note required the principal balance and all accrued interest be paid monthly, the first payment due September 1, 2003, and the last payment due July 1, 2005 [*Id*. at 2]. The entire unpaid principal balance of that Note and all accrued and unpaid interest were due by July 30, 2005 [*Id*]. In the event of default, Superior Canopy agreed to pay 12% interest per annum [*Id*. at 3].

On July 30, 2003, Superior Canopy and C&M signed a Security Agreement, securing both the $500,000 Note and $700,000 Note [DE 105-3]. C&S perfected its security interest by filing UCC Financing Statements [DE 105-4].

Superior Canopy failed to pay the amount due on the Notes (in fact, they made no payments at all) and accordingly, is in default under the terms of the Notes [DE 106 at ¶ 5; DE 105-1 at 2; DE 105-2 at 2-3]. This litigation ensued, and C&S Management filed this case on January 22, 2008.

Superior Canopy has yet to participate in this litigation in any way. Superior Canopy did not file a response to the Complaint or Amended Complaint, and no attorney has filed an appearance on its behalf. On October 26, 2012, the Clerk entered default against Superior Canopy [DE 99]. On January 11, 2013, C&S filed this Motion seeking an entry of default

against Superior Canopy pursuant to Fed. R. Civ. P. 55(b) [DE 105]. Superior Canopy did not respond to the motion, though it was served [DE 105 at 5]. C&S now seeks to recover $3,606,875.27 in principal and interest, based upon the Promissory Notes [DE 105 at 4].

## **DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the Clerk has already entered default against Superior Canopy, I may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, where material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al*., Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are clearly established. This case has been pending since January 2008, and Superior Canopy has shown no intention to respond to the Complaint or Amended Complaint or to participate in this case in any way. Moreover, Superior Canopy was served with the motion for entry of default and has not responded [DE 105 at ¶ 15]. The default is thus far from a simple technicality. And no material issues of fact have been presented due to

3

Superior Canopy's failure to participate in the lawsuit. Furthermore, C&S has been prejudiced by the delay involved by not being able to collect on monies owed.

A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). When a court determines that a defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Here, this means that I must take as true C&S's assertions that Superior Canopy failed to make payments on the promissory notes as it was required to, thereby breaching the terms of the Notes.

Yet while the factual allegations relating to liability are taken as true, the amount of damages must be proved. *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). I am required to ascertain the "amount of damages with reasonable certainty." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004) (internal citation omitted). This often means that the court must hold a hearing or conduct an investigation to determine the amount of damages. But no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in the detailed affadivits." *Dundee Cement*, 722 F.2d at 1323; *see also Pope v. United States*, 323 U.S. 1, 12 (1994). Moreover, an evidentiary holding is often unnecessary where a party seeks statutory damages. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* 2008 WL 1775512, at *3 (N.D. Ill. April 17, 2008) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)). There is no need for such a hearing here.

C&S's submission of the Promissory Notes, Security Agreement, and Mr. Romenesko's affidavit has demonstrated to me the requisite proof as the amount of damages that have occurred from Superior Canopy's breach and subsequent default on the Notes.

Mr. Romenesko's affidavit establishes that Superior Canopy failed to make payments when due, thus putting Superior Canopy in default on the promissory notes, which I will discuss in turn. Mr. Romenesko's affidavit states the amount of money owed by Superior Canopy because of the breach and default, which directly corresponds to the amount of damages sought by C&S.

First, as to the $500,000 note: according to Mr. Romenesko's affidavit, the full $500,00 in principal is still outstanding [DE 105 at ¶ 12; DE 106 at ¶ 6]. Additionally, as of December 27, 2012, there was $1,091,089.48 in accrued interest, with interest continuing to accrue at a rate of 12% per annum, or $164.384 per day [DE 105 at ¶ 12; DE 106 at ¶ 6]. The total damage on the $500,000 note is $1,591,089.48, plus interest at $164.384 per day since December 27, 2012 [DE 105 at ¶ 12; DE 106 at ¶ 6].

As to the $700,000 note: according to Mr. Romenesko's affidavit, the full $700,000 in principal is still outstanding [DE 105 at ¶ 13; DE 106 at ¶ 7]. Additionally, as of December 27, 2012, there was $1,315,785.79 in interest, with interest continuing to accrue at 12% per annum, or $230.137 per day [DE 105 at ¶ 13; DE 106 at ¶ 7]. Accordingly, the total damage on the $700,000 note is $2,015,785.79, plus interest at $230.17 per day since December 27, 2012 [DE 105 at ¶ 13; DE 106 at ¶ 7].

The total amount of damages, therefore, is $3,606,875.27, plus interest as accrued at on each of the notes at 12% since December 27, 2012. This directly corresponds to the amount sought by C&S as a result of Superior Canopy's default on the Notes.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment Against Defendant Superior Canopy Corporation [DE 105] is **GRANTED**. Defendant Superior Canopy is ordered to pay Plaintiff C&S $1,591,089.48 on the $500,000 Note, plus interest of $164.384 per day from December 27, 2012, through the entry of judgment; and $2,015,785.79 for the $700,000 Note, plus interest of $230.137 per day from December 27, 2012, through the entry of judgment.

**SO ORDERED**.

ENTERED: September 18, 2013

s/Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT