UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| C&S MANAGEMENT, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-0029 |
| ) | |
| SUPERIOR CANOPY CORPORATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |
| DANNY GREENLAND, *et al.* ) | |
| ) | |
| Counterclaim-Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| GEORGE STAMPER, *et al.* ) | |
| ) | |
| Counterclaim-Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

C&S Management seeks a default judgment against Superior Canopy Corporation [DE 124] on the grounds that Superior Canopy has failed to respond to or participate in this litigation in any way. For the reasons outlined below, a default judgment will be entered and C&S will be awarded possession of the collateral requested in its motion.

## Background

C&S brought this suit against Superior Canopy in an attempt to recover upon unpaid promissory notes that Superior Canopy executed in 2003 in the amounts of $500,000 and $700,000, respectively. Superior Canopy failed to pay the amount due on the Notes (in fact, they made no payments at all). C&S then filed this case on January 22, 2008. On September 19, 2013, I entered default judgment against Superior Canopy due to Superior Canopy's failure to make any payment on the two promissory notes. [DE 112] I awarded C&S $3,606,875.27 in unpaid principal and interest, plus interest as accrued on each note at 12% per annum from December 27, 2012 through the entry of judgment. *Id*. C&S now requests that I also enter default on Count III of its complaint against Superior Canopy, seeking to foreclose on its security interests (the "Collateral") on these notes. [DE 124 ¶ 8]

On July 30, 2003, Superior Canopy and C&S signed a Security Agreement, securing both the $500,000 Note and $700,000 Note. [DE 124-1] Under the Security Agreement, Superior Canopy granted C&S an interest in the following Collateral:

- A. Accounts;
- B. Chattel Paper;
- C. Inventory;
- D. Equipment;
- E. Instruments;
- F. General Intangibles;

G. Investment Property;

H. Documents;

I. Deposit Accounts;

J. Letter of Credit Rights;

K. Trademarks, Trademark Registrations, and Trademark Applications;

L. Copyrights, Copyright Registrations, and Copyright Applications;

M. Patents, Patent Registrations, and Patent Applications;

N. Contracts;

O. Amounts held in Checking, Savings, Deposit or Other Accounts;

P. Licenses and Permits;

Q. Software;

R. Books and Records;

S. All Other Personal Property;

T. Any and All Proceeds of the Foregoing Items of Property; and

U. Any and All Additions or Substitutions to any of the Foregoing Items of Property.

[DE 124-1 at A1-A5] C&S perfected its security interest by filing UCC Financing Statements. [DE 124-2]

Superior Canopy has yet to participate in this litigation in any way. Superior Canopy did not file a response to the Complaint or Amended Complaint, and no attorney has filed an appearance on its behalf. On October 26, 2012, the Clerk entered

default against Superior Canopy. [DE 99] On January 11, 2013, C&S filed its first motion seeking an entry of default against Superior Canopy pursuant to Fed. R. Civ. P. 55(b). [DE 105] Superior Canopy did not respond to the motion, though it was served [DE 105 at 5], so I entered default against Superior Canopy on some of the counts [DE 112]. C&S then filed this motion on September 3, 2014. [DE 124]

## Discussion

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the Clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the Clerk has already entered default against Superior Canopy [DE 99], I may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are clearly established. This case has been pending since January 2008, and Superior Canopy has shown no intention of responding to the Complaint or Amended Complaint, nor participating in this case in any way. The default is thus far from a simple technicality. And no material issues of fact have been presented due to Superior Canopy's failure to participate in the lawsuit. Furthermore, C&S has been prejudiced by the delay involved by not being able to collect on monies owed, or secure the Collateral to which it is entitled.

A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). When a court determines that a defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). I have already found that Superior Canopy failed to make payments on the promissory notes and therefore Superior Canopy breached the terms of the notes. [DE 112] For the purposes of this motion, I must also take as true C&S's assertions that it holds a valid, first, and subsisting lien on the Collateral referenced above that is superior to all other interests asserted by Superior Canopy or anyone claiming by or through it. [DE 124 ¶ 12] Since C&S does not request damages (and, indeed, has already received them via my previous default order), I need not evaluate whether it has proven damages. *Cf. Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

5

C&S has already demonstrated that Superior Canopy defaulted on its promissory notes. [*See* DE 112]  The Security Agreement provides that in the event of default, C&S will have "all rights and remedies in and against the Collateral," including "the right to sell the Collateral at public or private sale." [DE 124-1 at 7-8]  Superior Canopy may also be required to "assemble the Collateral and make it available to [C&S]." *Id*.  C&S perfected its security interest by filing the required UCC Financing Statements. [DE 124-2]  C&S is therefore entitled to possession of the Collateral requested in its motion.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment Against Defendant Superior Canopy Corporation [DE 124] is **GRANTED**.  Defendant Superior Canopy is ordered to remit to C&S the Collateral listed in Schedule A of the Security Agreement, as outlined above in this Order.  Possession of the aforementioned Collateral shall be immediately transferred from Superior Canopy, or any other entity holding said Collateral on behalf of Superior Canopy, to C&S Management.  Upon transfer of possession of any Collateral to C&S Management, C&S shall be immediately entitled to dispose of the Collateral in a commercially reasonable manner pursuant to applicable law and shall further be empowered to bid for the Collateral at any such sale.

**SO ORDERED**.

ENTERED: October 16, 2014

                                                s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT